Next case, I'm going back to the Commitment of Michael Davis. I'll stand with you in front of the jury. Are you ready? Are you ready? Is this going well? Yes, ma'am. Thank you. May it please the Court, Counsels. This case comes before this Court on a denial of my client, Mr. Michael Davis' petition for conditional release that was out of the First Judicial Circuit of Jackson County, Illinois, where the Honorable Ralph R. Bloodworth III entered a denial of my client's petition for conditional release. The petition had been filed February 24th of 2017. The hearing on the petition was held October 17th of 2017. The order denying it was from October 19th of 2017. My issue with the ruling that that Court entered boils down to something very simple for this Court to decide, and that being when the hearing was held, the testimony that the State presented was through one doctor, and that would be Dr. Swear, S-U-I-R-E. At that hearing, although the testimony referred repeatedly to the report that the doctor had provided the State, which the State had filed with the Court in connection with their motion for finding of a no probable cause, the psychological reexamination report had been filed prior to the petition for conditional release hearing. The doctor constantly refers in his testimony by saying, instead of actually answering many of the questions, he says, that's in my report, that's in my report, that's in my report. What the State failed to do during that hearing is actually admit that report as evidence in the hearing. Although it's referred to many times, the State had the opportunity to lay the foundation for the admission of that report for the Court to consider, they never actually admit that as an exhibit for the Court to consider at that hearing. And the 725 ILCS 207-60 subsection D clearly states what the Court shall consider during that hearing. The Court must consider the nature and the circumstances of the behavior that was the basis of the initial petition, the person's mental history, the present mental condition, and what arrangements are available to ensure that the person has access to and will participate in necessary treatment. On that hearing, on my client's petition for conditional release, the doctor does not present any testimony regarding the nature and circumstances of the behavior that was the basis of the initial petition. The doctor provides very limited testimony as to the person's mental history and present mental condition. Those instances of my questioning, he states many times, I reviewed prior reports, and that's in my report. The conclusion is in my report. So the order that the Court enters denying a client's petition is clearly against the manifest weight of the evidence that was presented. Now, the Court actually entered a written order, and in that written order, it is stated, after such hearing and hearing the testimony of the states and arguments of counsel, the Court has considered the nature and circumstances of the behavior that was the basis for the commitment, respondent's mental history and present mental condition, and what arrangements are available to ensure that the respondent has access to and will participate in necessary treatment. So the Court itself, in that written order, does not say that he took into consideration the doctor's report or any exhibits that were admitted to evidence. The written order solely states, after such hearing and hearing the testimony. So therefore, his order and his decision that he signed as written says he was clearly only referring to what was presented in testimony, and the testimony, I will argue, does not substantiate in denying the client's petition. However, I will concede in the Court's oral declaration at the end of the hearing, he does state, I've heard from both yourself, referring to Mr. Davis, and the doctor, and the report of the doctor. Based upon what I've heard and the evidence and the totality of the circumstances, at this point in time, though, I'm going to find there has not been sufficient progress to be conditionally released. It is also clear in. Let me just stop you there. So you're saying that during the oral pronouncements, the Court indicated he relied on the report? That's correct, Your Honor. But nobody ever gave him the report. The report had been filed by the state, and in my brief, I referred to, I went clear in the doctor's testimony which report he was referring to. There had been a psychological reexamination report that is, under the Section 80 of the Violent Persons Act, that's required every 12 months. He's required to file a psychological reexamination report. There had been one filed September 14th of 2017. A little over a month prior to the hearing on this, there had been a report filed. Now, prior to my client filing his petition. Yes, ma'am. Okay. And the state then provided a notice of filing of that. And you had a copy of that report? Yes. I did not do the hearing. That was different counsel who actually conducted that hearing. I'm sorry. So trial counsel had that report? Trial counsel had that report. And did not trial counsel use that report in cross-examination? Briefly refers to it in cross-examination. Briefly refers to it. I'm so confused. So which report are we talking about that Dr. Suire is wearing? What was he saying when he said it's in my report? Was there a separate report then? No. My belief is, and, again, that's not quite clear, that he was referring to that psychological re-examination report that was filed that September 14th of 2017. And that's the one he was supposed to file every year. Every year. That's the one he was supposed to file. That is correct, Your Honor. So we have a statute that requires annual reports. That's correct. So now my question is, when you're seeking a declaration under the statute that you're no longer sexually violent, is a different report required that has different criteria in it than what would have been in the annual report? It does not require that, Your Honor. Upon what is provided is upon my client filing his petition for conditional release, the court may then order that another evaluation take place. But that didn't happen. That, I can't say that it didn't happen, because I believe it happened as part of the annual re-examination that was conducted prior to the hearing. But my client's petition is filed in response to the psychological re-examination report that had been filed September 20th of 2016. My client files his petition for conditional release based on that report, and then before the hearing is held, the following psychological re-examination report from September 14th of 2017 was filed. I will further state to the court, under 725 ILCS 207-30, subsection C, and this is in the state's argument, it does state, all evaluations conducted pursuant to this act, being the Sexually Violent Persons Act, and all law and department of corrections treatment records, shall be admissible in all proceedings held pursuant to this act, including the probable cause hearing and the trial. So although it says that it shall be admissible, I believe there should still be the requirement that it actually be admitted. So you're requesting essentially a bright light rule that says it must be admitted into the record as evidence at the hearing. That would be my, that would be fantastic, yes. That was a bright light rule. Further though, I think... I don't understand the difference between the statutorily required filing with notice to the other side, which forms the basis of your client's petition, and somebody saying, okay, well, okay, I've got this statutorily required document, I need you to mark it as Exhibit A and now admit it. Isn't it already admitted? Well, under the statute, the 725-207-30C, it specifically says they shall be admissible. It does not... Oh, so you're saying... It doesn't... They still have to admit it. That's my argument to the Court today, Your Honor. Okay. It doesn't specifically say... And if the 725-207-60D goes through such detail telling the Court what they shall consider, and they don't put in there, shall consider all previous reports that have been filed for this particular committed person. It's all within... I'm sorry. No, go ahead. It's all within the same block of the statute. So you're talking about what should be required, and then it says, he shall be admissible. Your Honor, I'm arguing that today because this particular subsection for my client's petition for conditional release puts a burden on the State to prove by clear and convincing evidence that my client has not recovered. So absent such a bright-line rule or anything saying, no, you do have to admit this report specifically for this hearing, it's a burden shifter. There is no point then because the State could just merely stand up and say, well, Judge, the annual psychological report was ordered and we asked the Court to rely on that, and present no proof of evidence. I do have a question, if I can. Of course you can. But on the other hand, you're asking this bright-line rule for the State, but in this particular case, and in most cases I've dealt with these on the trial court, there is an expert report for the person who has filed for the conditional release. In this particular case, that report wasn't admitted into evidence either. I have in the back of my mind probably why it wasn't. So you're asking that the State has to file their report. Would then your client be required to file his report as well? I believe so, Your Honor, as the statute clearly outlines that the burden is on the State. The State shall prove by clear and convincing evidence. I don't understand how that's a burden shifter, quite frankly. I mean, the report has certain information in it, but that doesn't make it substantive evidence. It just allows for the admissibility. They would still have to call somebody, right? I mean, it's hearsay otherwise. It's like not the best evidence. It's just a report. And that is part of my argument, Your Honor, where we then have, as in this case, where Dr. Swearer does stand there or sit at the witness stand and refer repeatedly to, it's in my report, it's in my report. But this time when he says, it's in my report, it's in a response to a specific question, which allows the respondent the opportunity to cross-examine. So they did call a live witness. You ask him a question, he says, it's in my report. So the respondent's counsel can look at the report, see what that might be, and then ask a question. So that's my problem, is I think I understand your argument. I'm not as familiar with these things just fully. Right. And my argument also lies in this Act does outline very clearly in many portions what's to be considered, you know, even stating so far as these reports shall be admissible, I do think, and I am asking to take it one step further and say at this petition and very specific, at this petition of conditional release, it shall not, it cannot be just a, here's my report, it's been filed, you know, timely, Your Honor, the statement rests. I don't think that's what this should be. And that's why I'm asking that the court overrule the lower court's ruling. Okay. I'm good right now. Thank you very much. Thank you. Counsel? May it please the Court. Counsel. Good morning, Your Honors. Assistant Attorney General Richard Cook on behalf of the people of the state of Illinois. Thank you. Turning obviously to the issue of the report here, there was no need for the state to submit that report as an exhibit at the conditional release hearing. The statute itself clearly contemplates consideration of the report in making a determination. And if I could read from the statute itself, it does say under 725 ILCS 207-60D, the court without a jury shall hear the petition as soon as practical after the reports of all examiners are filed with the court. Here that's exactly what happened. That just says that a report is required. So you have to hold the hearing within so many days after this required report is due, right? That's correct, Your Honor. So she's saying that sometimes this report can't speak. You have to have somebody speak for the report, which typically is true of documentary evidence. And that's precisely what happened here. Dr. Swire did testify as an expert in addition to his report. And he reiterated a lot of points in that report. And in that case he did support the state's position. Did the state ever ask him directly about the report and lay a foundation for its admissibility? I do not recall if the state laid a particular foundation for the report itself. And which report are we talking about, the 2017? Correct. So we're supposed to search the record for that? The report itself is actually in the secured common law record at page 33 to 57. 33 to 57? Correct. So the report is actually in the record. And it was available to the court and both parties. And it's also available for this court. And as this court is aware, you may affirm on any basis in the record. And there it is. But more than that, I would turn the court's attention to another case, Henry Commitment of Rendon, where the court also reiterated Henry Commitment of Rendon, which is a different case cited in our brief, where the court also discussed contemplation of examiner reports and prior reports in reaching its determination on conditional release. And based on that report and Dr. Suarez's testimony, there was more than enough evidence here for the court to reach a determination that was not against the manifest weight of the evidence. Again, Dr. Suarez was the only expert who testified here. He pointed out that the respondent had not made sufficient progress in treatment, such that he is no longer substantially probable to commit acts of sexual violence if on conditional release. He diagnosed the respondent with other specified paraphilic disorder, non-consenting limited exhibitionism. And, again, that was something that had manifested itself at the time of commitment and existed at the time of hearing. And in addition to that, he exhibited multiple other risk factors that elevated his risk of reoffending, such as four additional mental disorders, schizophrenia, antisocial personality disorder, two substance abuse disorders for alcohol and cocaine use. And his actuarial results showed he scored an 8, placing him in the highest risk category of reoffending on the static 99R. And he exhibited multiple other risk factors, further elevating that likelihood. So against that backdrop, Dr. Suarez found that his treatment progress simply was not enough to support the finding of conditional release. With respect to his treatment specifically, the respondent was only in Phase 2 at the time of the hearing in a five-phase treatment program. There was some discussion about whether or not he advanced to Phase 3, but regardless of what phase he was at, Dr. Suarez found that his progress was still early on in the treatment program. He had yet to identify all of his risk factors for reoffending. And although he had developed some interventions, he continued to struggle with applying those consistently. And more generally beyond that, he's also engaged in multiple verbal and physical conflicts with peers and group. And that's due in part to some of the issues with his schizophrenia and his medication. So based on all those factors, Dr. Suarez, the only expert here, found that his response should not be conditionally released, and the court clearly chose to credit those findings. And that decision, we would submit it not against the manifest way of the evidence. Are there any other questions? Thank you. Thank you very much. Just to be brief, in response to the state's argument where he had stated that Dr. Suarez presented testimony as to the mental diagnosis that Mr. Davis had at the time of the hearing, that's not all that is required by the 725 ILCS 207-60 subsection D. There are three, if not four, things that the court shall consider. That's clearly outlined, and I've already stated those. The nature and circumstances of the behavior that was the basis of what would be called the initial petition, the person's mental history and present mental condition, I will separate those as two different things, and what arrangements are available to ensure that the person has access to and will participate in the necessary treatment. It's clear that Dr. Suarez's testimony does not cover all three, or possibly four, of those required things that are presented. When he referred to more than once, it's in my report, it's in my report. I believe the court understood my argument the first time around. Thank you. The state's brief refers to 207-30C as far as the following reports. But that particular section that they cite in their brief talks about conditional release hearings and the probable cause issue, so that seems to me to be earlier on in the process. It is outlined earlier on in the process, and I did quote that site in my earlier argument where I pointed out that that subsection that Your Honor is referring to is the subsection where it does say that those evaluations conducted pursuant to the Act and all Illinois Department of Corrections treatment records shall be admissible at all proceedings pursuant to this Act. And then it involves a comma, including the probable cause hearing and the trial. It is stated much further in the Act, and that's where I was presenting the argument to the Court that the 725 ISCS 20-60 subsection D specifically referring to the petitions for conditional release outlines very specifically what the Court shall consider. At that point, it doesn't reference the earlier subsection 30, or 725 ISCS 207-30 subsection C. It does not reference that section stating that all of these reports shall be admissible. And it had the, clearly the legislature had the opportunity to do that. Well, D specifically says that the Court without a jury shall hear the petition as soon as practical after the reports of all examiners are filed with the Court. So are you saying that it anticipates that there might be additional reports filed, as Justice Bowie indicated the defendant might have an expert? I believe it's contemplated that there would be additional reports filed. Yes. So you're saying that the judge just can't rely on whatever the state has filed pursuant to the statute? That's correct, Your Honor. Okay, I think I understand that now. Okay, thank you very much. Thank you. Okay, this matter will be taken under advisement. We'll issue an order in due course.